FILED
2026 Sep-30 PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LARRY DEAN GARRETT, JR.,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:22-cv-08036-MHH** |
| | } | |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

# MEMORANDUM OPINON

Larry Dean Garrett, Jr. has moved this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (22-cv-8036, Doc. 1). Mr. Garrett challenges his sentence for sexual exploitation of children.[1] To resolve the petition, the Court first provides the procedural background of Mr. Garrett's challenges. The Court then discusses habeas principles germane to this case. Finally, the Court applies these habeas principles to the procedural and factual record to decide this matter.[2]

## I.

In December 2017, Larry Dean Garrett Jr. was convicted by a jury of one

[1] The government contends that Mr. Garrett's § 2255 motion is untimely. (22-cv-8036, Doc. 9). Mr. Garrett has responded to the government's timeliness arguments. (*See* 22-cv-8036, Docs. 15, 23). The government has replied, and Mr. Garrett has filed a sur-reply. (Docs. 20, 23). Accordingly, Mr. Garrett's § 2255 motion is ripe for decision.

count of sexual exploitation of children. (16-cr-327, Docs. 1, 139). The Court entered a judgment on the jury's verdict, (16-cr-327, Doc. 178), and Mr. Garrett filed a timely notice of appeal, (16-cr-327, Doc. 181; 11th Cir. Docket No. 18-13056, Doc. 1). On February 24, 2020, the Eleventh Circuit affirmed the conviction and entered a judgment. (16-cr-327, Doc. 230, p. 2; Docket No. 18-13056, Docs. 63, 64).

The Eleventh Circuit extended to June 10, 2020 Mr. Garrett's deadline to petition for rehearing. (Docket No. 18-13056, Docs. 66, 69).[3] On July 9, 2020, when Mr. Garrett did not file a petition for rehearing, the Eleventh Circuit issued its mandate. (Docket No. 18-13056, Doc. 76). Mr. Garrett asked the Circuit Court to recall its mandate; the Circuit Court denied this motion. (Docket No. 18-13056, Docs. 77, 78).

Mr. Garrett twice requested additional time to file a petition for certiorari to the United States Supreme Court. (*See* 22-cv-8036, Doc. 23, pp. 9, 10). Each time, the Supreme Court returned his request "in light of the Court's Order of March 19,

---

[3] On March 12, 2020, the Eleventh Circuit granted Mr. Garrett's motion for an extension of time to file his request for rehearing and extended Mr. Garrett's rehearing petition deadline to May 5, 2020. (Docs. 65, 66). On May 1, 2020, the Eleventh Circuit denied Mr. Garrett's motion for discovery and sua sponte extended his rehearing petition deadline to June 10, 2020. (*See* Doc. 69). On May 4, Mr. Garrett asked the Eleventh Circuit to extend his time to request rehearing to June 4, 2020. (Docket No. 18-13056, Doc. 71). The Circuit determined that Mr. Garrett's motion was moot in light of the Court of Appeals' May 1 order that extended his deadline to June 10. (Docket No. 18-13056, Doc. 72).

2020." (*See* 22-cv-8036, Doc. 23, pp. 9, 10).[4] On November 19, 2020, Mr. Garrett filed a petition for writ of certiorari with the Supreme Court of the United States. (Docket No. 18-13056, Doc. 79).[5]

In a letter dated March 2, 2021, the Clerk of the Supreme Court informed Mr. Garrett that his petition did not comply with the Supreme Court's rules and instructed him to correct and resubmit his petition within 60 days. (22-cv-8036, Doc. 23, p. 7). In a letter dated June 21, 2021, the Clerk of the Supreme Court informed Mr. Garrett that his petition had been placed on the docket and "was filed with a notation as to its untimeliness." (22-cv-8036, Doc. 23, p. 8). On October 15, 2021, the Supreme Court denied Mr. Garrett's petition without explanation. (Docket No. 18-13056, Doc. 80).

On September 19, 2022, pursuant to 28 U.S.C. § 2255, Mr. Garrett moved to vacate, set aside, or correct his sentence. (16-cr-327, Doc. 241; 22-cv-8036, Doc. 1). He later supplemented his motion. (22-cv-8036, Doc. 3).

---

[4] On March 19, 2020, the Supreme Court entered an order extending the deadline to file a petition for certiorari to 150 days after a court of appeals entered judgment. Order, 589 U.S. ___ (U.S. March 19, 2020).

[5] Mr. Garrett's petition was postmarked, and therefore deemed filed, on January 19, 2021. (*See* Doc. 23, p. 8). Mr. Garrett asserts that he gave his petition to prison staff on November 19, 2020. (22-cv-8036, Doc. 23, p.4); *see Daniels v. United States,* 809 F.3d 588, 589 (11th Cir. 2015) ("We apply the prison mailbox rule, under which a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.") (quotation omitted). For purposes of resolving Mr. Garrett's § 2255 motion, the Court accepts Mr. Garrett's version of this event because, as discussed below, Mr. Garrett's certiorari petition was untimely regardless of whether he filed it in November 2020 or January 2021.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a motion under 28 U.S.C. § 2255. Typically, under § 2255(f)(1), the one-year time limit begins to run on the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Three other events may trigger the one-year period:

> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through due diligence.

28 U.S.C. § 2255(f)(2-4).

A district court may excuse a federal defendant's delay in filing a § 2255 motion per the doctrine of equitable tolling if the defendant shows that he pursued his rights diligently and that an "extraordinary circumstance stood in his way and prevented timely filing." *Powell v. United States*, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. February 8, 2022) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Additionally, a district court may consider an untimely § 2255 motion to vacate if "a fundamental miscarriage of justice" has occurred such that a

"'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *See McQuiggin v. Perkins*, 569 U.S. 383, 392, 395–96 (2013) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

III.

Mr. Garrett's petition is untimely under 28 U.S.C. § 2255(f). A defendant's "judgment of conviction becomes final when the time for filing a direct appeal expires." *Ramirez v. United States*, 146 Fed. Appx. 325, 326 (11th Cir. 2005) (citing *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000)). If a defendant timely seeks direct appellate review of his conviction or sentence, his judgment of conviction becomes final when the time for filing a petition for certiorari to the United States Supreme Court expires. *Close v. United States*, 336 F.3d 1283, 1284–85 (11th Cir. 2003) (citing *Clay v. United States*, 537 U.S. 522, 525 (2003)). If a defendant timely files a petition for certiorari, his "conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits." *Ramirez*, 146 Fed. Appx. at 326 (citing *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001)).

Because Mr. Garrett did not timely file a petition for certiorari, his judgment became final when the time for filing a petition for certiorari expired. *See Close*, 336 F.3d at 1284–85. Mr. Garrett's time to file a certiorari petition closed on July 23, 2020, 150 days after the Eleventh Circuit entered its judgment. *See* Order, 589

U.S. ___ (U.S. March 19, 2020).[6] Accordingly, Mr. Garrett's November 19, 2020 certiorari petition was untimely and did not prevent his conviction from becoming final after the Eleventh Circuit entered its judgment. *See Close*, 336 F.3d at 1285–86 ("[O]nly *timely* filed motions for rehearing will toll . . . the finality of the conviction.") (italics in original); *Warmus v. United States*, 253 Fed. Appx. 2, 5–6 (11th Cir. 2007) (holding that a petitioner's application for additional time to file a petition for certiorari did not toll his deadline to file a § 2255 motion). So, Mr. Garrett's conviction became final on July 23, 2020.

Mr. Garrett filed his § 2255 motion in September 2022, more than two years after his conviction became final. (16-cr-327, Doc. 241; 22-cv-8036, Doc. 1). Thus, his motion is untimely under 28 U.S.C. §2255(f)(1). Mr. Garrett has not demonstrated that one of the other three possible triggering dates for the one-year limitations period applies in his case.

***

[6] Ordinarily, a petition for writ of certiorari to review a judgment must be filed within 90 days after the appeals court enters its judgment. SUP. CT. R. 13(1). During the summer of 2020, the Supreme Court had granted a blanket extension for petitions for certiorari in response to delays caused by the COVID-19 pandemic. Order, 589 U.S. ___ (U.S. March 19, 2020) (extending deadline to 150 days from appellate court judgment or order), https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf; Order, 594 U.S. ___ (U.S. July 19, 2020) (rescinding March 19, 2020 order), https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf.

The date of the court of appeals' judgment, not the date of the court of appeals' mandate, triggers the time for filing a writ of certiorari. *Close*, 336 F.3d at 1285 n. 1.

"Equitable tolling is an extraordinary remedy" that applies only "when a [defendant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Downs v. McNeil*, 520 F.3d 1311, 1317, 1319 (11th Cir. 2008) (quotation omitted). To establish that he is entitled to equitable tolling, Mr. Garrett must demonstrate that he pursued his rights diligently and that an "extraordinary circumstance stood in his way and prevented timely filing." *Powell v. United States*, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. February 8, 2022) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Mr. Garrett has not demonstrated that he pursued his rights diligently. Mr. Garrett attributes his delay in filing his § 2255 motion to his belief, based on the Supreme Court's responses to his motions for additional time and docketing of his petition, that his petition for certiorari was timely. (*See* Doc. 23, pp. 3–5). If Mr. Garrett had reviewed the Supreme Court's March 19, 2020 order that the letters returning his requests for additional time referenced, he would have known that his deadline to file a petition for certiorari would expire 150 days after the Eleventh Circuit entered its judgment affirming his conviction. *See* Order, 589 U.S. ___ (U.S. March 19, 2020). Mr. Garrett concedes that the Supreme Court's June 21, 2021 letter informed him that his petition was untimely. (*See* Doc. 23, pp. 4, 8). Mr. Garrett did not request an extension to file a § 2255 motion after he learned

that his certiorari petition was untimely, and he filed his § 2255 motion more than 15 months later.[7] Accordingly, Mr. Garrett has not demonstrated that he diligently pursued his rights, and equitable tolling does not allow Mr. Garrett to avoid his delay in filing his § 2255 motion.

***

To demonstrate that a "fundamental miscarriage of justice" has occurred, a defendant must make "'a convincing showing of actual innocence.'" *Smith v. United States*, No. 20-12981-G, 2021 WL 10396008, at *1 (11th Cir. Mar. 30, 2021) (quoting *McQuiggin*, 569 U.S. at 386, 399). The defendant must present "new evidence that would, more likely than not, have led a jury not to convict." *Smith*, 2021 WL 10396008, at *1 (quoting *McQuiggin*, 569 U.S. at 386, 399). And the defendant must demonstrate "factual innocence, not mere legal insufficiency." *Raulerson v. Warden*, 928 F.3d 987, 1004–05 (11th Cir. 2019) (quoting *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)).

Mr. Garrett has not made a convincing showing of actual innocence. Mr. Garrett argues that "has raised grounds that are supported by facts to show that he is actually innocent of the crime for which he was convicted." (22-cv-8036, Doc.

[7] On February 17, 2021, Mr. Garrett moved for an extension to file a § 2255 motion until April 24, 2021. (16-cr-327, Doc. 231). After Mr. Garrett filed his § 2255 motion, the Court denied his motion for an extension as moot. (*See* 16-cr-327, Doc. 242, p. 5). Mr. Garrett had until July 2021 to file a § 2255 motion.

15, p. 2; *see* 22-cv-8036, Doc. 23, p. 2). Mr. Garrett's § 2255 claims concern the legal insufficiency of his conviction. Mr. Garrett argues that the Court should vacate his sentence due to prosecutorial misconduct, ineffective assistance of counsel, and an illegal sentence enhancement. (22-cv-8036, Doc. 1, pp. 4–24; 22-cv-8036, Doc. 3, pp. 4–8). Mr. Garrett does not argue that "he did not actually commit" the underlying crime, *McKay*, 657 F.3d at 1199, and he has not provided new evidence that indicates that "it is more likely than not that no reasonable juror would have convicted," *McQuiggin*, 569 U.S. at 399.

Mr. Garrett cannot demonstrate that a "fundamental miscarriage of justice has occurred" based on a sentencing enhancement. *See Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011). Mr. Garrett asserts that he "has pending . . . actual innocence claims in State court" that concern his prior state convictions that affected his federal sentencing. (*See* Doc. 23, p. 2). The Supreme Court and Eleventh Circuit have not extended the actual innocence exception to the non-capital sentencing context. *See Dretke v. Haley*, 541 U.S. 386, 393–94 (declining to decide whether the actual innocence exception extends to constitutional claims challenging a "noncapital sentencing error"); *Gilbert*, 640 F.3d at 1321 ("Because death is different, neither the Supreme Court nor this Court has ever applied the . . . actual innocence of the sentence exception except in death penalty cases[.]"), *abrogated on other grounds by McCarthan v. Director of Goodwill Industries-*

*Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017)).

Moreover, "the actual innocence inquiry" focuses on the crime for which a defendant is convicted, "not [his] sentencing enhancements." *Stone v. United States*, No. 117CR417MHCJSA1, 2019 WL 7841851, at *6 n. 5 (N.D. Ga. Dec. 13, 2019) (citing *Gilbert*, 640 F.3d at 1320), report and recommendation adopted, No. 1:17-CR-417-MHC-JSA, 2020 WL 504669 (N.D. Ga. Jan. 31, 2020); *see Gilbert*, 640 F.3d at 1320 ("A defendant who is convicted and then has the . . . career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement."). Accordingly, "the better view" of the actual innocence exception "is that the exception does not apply to noncapital sentencing errors." *Gilbert*, 640 F.3d at 1321. Thus, even assuming *arguendo* that Mr. Garrett can establish convincingly that he is innocent of the state charges, he cannot demonstrate that there has been a "fundamental miscarriage of justice" sufficient to overcome § 2255's one-year limitations period.

IV.

For the above reasons, the Court finds that Mr. Garrett's § 2255 motion is untimely. In a separate order, the Court will enter a judgment denying Mr. Garrett's § 2255 motion.

**DONE** and **ORDERED** this September 30, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE